IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEROME VICTOR TRAFNY,

       Petitioner        Civil No. 05-1607-CO

       v.                FINDINGS AND
                            RECOMMENDATION

U.S. BUREAU OF PRISONS,
et al.,

       Respondent.

COONEY, Magistrate Judge.

    Petitioner's Application to Proceed In Forma Pauperis (#1) is allowed. However, for the reasons state below, the Petition should be denied without prejudice on the ground that petitioner has not exhausted his administrative remedies.

    Petitioner filed a petition under 28 U.S.C. § 2241 alleging that "F.C.I. Sheridan negates to provide the necessary medical management and follow up examinations from

1 - FINDINGS AND RECOMMENDATION

post-surgery and requirements for the plaintiff's medical condition." Petitioner seeks a transfer to a different correctional facility.

Petitioner acknowledges that he has not exhausted his administrative remedies and contends that "exhaustion of remedies imposes irreparable harm... ."

It is well settled that federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986); see also, Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985). While the exhaustion requirement is not jurisdictional, its importance is well established. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." Id. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. Id.;

United Farm Workers v. Arizona Agri. Employ. Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982).

The Bureau of Prisons has established an administrative remedy procedure through which an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the procedure, an inmate must assert his claim first to the Warden of the institution where he is confined; he may appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See, 28 C.F.R. § 542 et seq. No administrative appeal is considered to have been exhausted until a decision is reached on the merits by the Bureau of Prisons' Central Office.

Petitioner may be alleging that exhaustion of remedies in this case is futile. However, petitioner has not alleged any facts to indicate that the Bureau of Prisons has not responded to his grievances or has a policy or has taken a position that would render the pursuit of an administrative remedy futile. See, United Farm Workers, supra, at 1253; Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

On November 5, 2005, petitioner filed a document with the court that indicates that he is pursuing an administrative remedy and that Warden Daniels filed a timely response to his

3 - FINDINGS AND RECOMMENDATION

grievance. Warden Daniel's response contradicts petitioner's claim that prison officials have ignored his medical needs and that a delay in resolving petitioner's claim could result in irreparable harm.

The record reflects that petitioner has completed the first step of the established prison grievance procedure and has possibly initiated the second step. Petitioner should complete the process before seeking relief in this court.

Petitioner's Petition (#2) should be denied without prejudice on the grounds that he has failed to exhaust his administrative remedies. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _22__ day of November, 2005.

                                              _____s/_____
                                                John P. Cooney
                                         United States Magistrate Judge